**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Adam Paul Strege,                                                  Civil No. 09-1350 (DWF/RLE)

        Plaintiff,

v.                                                                        **MEMORANDUM**
                                                                          **OPINION AND ORDER**

Deutsche Hypotheken Bank, *et al.,*

        Defendants.

---

Adam Paul Strege, *Pro Se*, Plaintiff.

Amber N. Bowman, Esq., and William F. Stute, Esq., Faegre & Benson LLP, counsel for Defendants Deutsche Hypotheken Bank and Landesbank Baden Wuerttemberg.

Charles F. Webber, Esq., Faegre & Benson LLP, counsel for Defendant U.S. Bancorp.; Amy C. Taber, Esq., and Charles F. Webber, Esq., Faegre & Benson LLP, counsel for Defendant U.S. Bank.

Matthew R. Robbins, Esq., Previant, Goldberg, Uelmen, Gratz, Miller & Brueggeman, S.C.; and Burt A. Johnson, Esq., for Defendant North Central States Regional Council of Carpenters.

---

**INTRODUCTION**

       This matter is before the Court on the motions to dismiss of Defendants North

Central States Regional Council of Carpenters ("Carpenters' Council") (Doc. No. 7), U.S.

Bank N.A. (Doc. No. 15), and Deutsche Hypotheken Bank and Landesbank Baden

Wuerttemberg (Doc. No. 19). For the reasons stated below, this Court grants those

motions, but dismisses with prejudice based on claim preclusion rather than for failure to state a claim, and dismisses the rest of this action on the merits (but without prejudice).

## FACTUAL AND PROCEDURAL BACKGROUND

Proceeding *pro se*, Plaintiff Adam Paul Strege filed his Complaint against numerous Defendants on June 8, 2009.  (Doc. No. 1.)  Although the lengthy Complaint is difficult to follow (much less understand), it appears that Strege's primary claim concerns the alleged murders of Representative Bob Nakasone and Senator Paul Wellstone and the ensuing conspiracy to cover up those purported crimes.  (*Id.*)  Additional grievances–purportedly connected to the deaths of those federal officials–include the Holocaust, the September 11, 2001 terrorist attacks, the impending rise of the Fourth Reich, the embezzlement of funds from the wars in Iraq and Afghanistan, violations of law regarding construction in Hawaii, violations of the Americans with Disabilities Act, assaults on and attempted assassinations of Strege, the theft of Americans' retirement funds, and violations of Strege's right to interstate travel, and his rights under the First Amendment and the Due Process and Equal Protection Clauses.  (*Id.*)

These purported claims were directed–very broadly, indeed even indiscriminately–at more than two dozen corporate and individual defendants, including several banks and public officials.  Defendants Carpenters' Council, U.S. Bank, Deutsche Hypotheken Bank, and Landesbank Baden Wuerttemberg ("the moving Defendants") promptly moved to dismiss the Complaint for failure to state a claim on which relief could be granted.  (Doc. Nos. 7, 15 & 19.)

2

On June 3, 2009, Strege had filed a very similar, if not essentially identical, complaint in the District of Hawaii. (No. 09-CV-249 JMS/BMK, Doc. No. 1.) On June 8, 2009–the same day he filed the present Complaint at issue here–he filed an amended complaint in Hawaii. On July 9, 2009, the Hawaiian federal court *sua sponte* dismissed his amended complaint but granted him leave to file, by August 10, 2009, a second amended complaint as long as it would satisfy six enumerated requirements, noting that failure to do so would result in automatic dismissal of that action. (No. 09-CV-249, Doc. No. 14.)

Strege's second amended complaint failed to remedy the problems identified by the Hawaiian court. On August 31, 2009, that court dismissed that complaint, concluding that it, like the one it had previously dismissed, was "rambling, garbled, and extremely difficult to decipher." (No. 09-CV-249, Doc. No. 31 at 4.) "Because the Second Amended Complaint is muddled, incoherent, and utterly incomprehensible, Plaintiff cannot possibly win relief as drafted." (*Id.* at 6.) Thus the court not only dismissed, but did so without leave to amend, finding that "further amendment would be futile." (*Id.* at 10.) Moreover, the court did so without notice, "specifically find[ing] that Plaintiff's Second Amended Complaint could not possibly provide him with any relief." (*Id.* at 6 n.7.) Strege has appealed the final judgment of dismissal to the Ninth Circuit. (No. 09-CV-249, Doc. No. 34.)

## DISCUSSION

The moving Defendants request dismissal under Rule 12(b) for various defects in Strege's Complaint. Carpenters' Council seeks dismissal because the Complaint fails to state a claim on which relief may be granted and because this Court lacks subject matter jurisdiction. (Doc. No. 7.) U.S. Bank likewise moves to dismiss under Rule 12(b) for failure to state a claim. (Doc. No. 15.) Deutsche Hypotheken Bank and Landesbank Baden Wuerttemberg (the "German banks") also move for dismissal under Rule 12(b), arguing that Strege's Complaint fails to articulate a redressable claim. (Doc. No. 19.) The moving Defendants essentially argue that besides certain fatal flaws with respect to Strege's particular claims,[1] Strege's Complaint generally is "incomprehensible" and that the "allegations are 'unrealistic and nonsensical.'" (Doc. Nos. 9, 17, & 21.) The moving Defendants further contend that Strege's Complaint violates the requirement of Rule 8 that a complaint contain "a short and plain statement" of both the grounds for the court's jurisdiction as well as the grounds of the claim showing that the pleader is entitled to relief. (Doc. Nos. 17 & 21.)

Although this Court does not disagree with the particular grounds on which the moving Defendants seek dismissal, it notes that in light of the existing judgment of dismissal entered in the District of Hawaii, there is now an issue of *res judicata* (claim

---

[1]      Carpenters' Council asserts that apart from the lack of intelligibility, all of Plaintiff's claims suffer from fatal substantive and procedural defects. (Doc. No. 9.) The other moving Defendants join in Carpenters' Council's motion. (Doc. Nos. 17 & 21.)

preclusion) that takes precedence here.[2] Under the doctrine of claim preclusion, a "[f]inal

judgment on the merits precludes the relitigation of a claim on any grounds raised before

or on any grounds which could have been raised in the prior action." *Poe v. John Deere*

*Co.*, 695 F.2d 1103, 1105 (8th Cir. 1982). The federal court in the District of Hawaii has

entered a final judgment following its order of dismissal without leave to amend. "It is

well settled that denial of leave to amend constitutes res judicata on the merits of the

claims which were the subject of the proposed amended pleading." *King v. Hoover*

*Group, Inc.*, 958 F.2d 219, 222-23 (8th Cir. 1992).

 Because there is a final judgment on the merits, only two essential questions

---

 [2]  The Court recognizes that *res judicata* is an affirmative defense under
Rule 8(c) and that the moving Defendants have not expressly premised their current
motions on claim preclusion. But Defendants have not waived any such defense by
failing to include it in an Answer, as no such responsive pleadings have been filed yet.
And at the time the motions to dismiss for failure to state a claim were filed in July 2009,
the District of Hawaii had not yet entered judgment. Nevertheless, the moving
Defendants did note the fact that the Hawaiian court already had dismissed Strege's
earlier amended complaint (although with leave to amend). (Doc. Nos. 17, 21.) Now that
judgment has been entered in the District of Hawaii–on August 31, 2009, following that
court's dismissal *with prejudice* of Strege's second amended complaint for failure to
follow the court's specified instructions for clarifying his earlier complaints–the
fundamental prerequisite for claim preclusion is satisfied. Moreover, this Court may raise
the issue of claim preclusion *sua sponte*. *Independent School District No. 283 v. S.D.*, 88
F.3d 556, 562 n.5 (8th Cir. 1996). *Accord* 18 Charles Alan Wright *et al.*, *Federal Practice
and Procedure* § 4405, at 85-86 (2d ed. 2002). Although doing so might often depend on
provision of notice, *Hanig v. City of Winner*, 527 F.3d 674, 678 (8th Cir. 2008), here the
moving Defendants–when arguing for dismissal–noted the first dismissal of his parallel
complaint in Hawaii. Strege filed no response. This Court finds that, based on the
particular facts of this case, particularly Strege's own disclosure of disabilities that
severely inhibit his cognitive functions with respect to reading and writing, providing
Strege with an opportunity to file written briefs on the issue of preclusion would not
clarify the issue or advance its resolution.

remain for consideration: (1) whether Strege's present action raises claims that were

raised, or could have been raised, in his prior action in Hawaii, and (2) whether the

moving Defendants here were also defendants in his Hawaiian action or in privity with

the Hawaiian defendants. *Micklus v. Greer*, 705 F.2d 314, 316 (8th Cir. 1983).[3]

The Eighth Circuit has noted that "[t]he parameters of a 'claim' cannot be stated

with mathematical precision." *Poe v. John Deere Co.*, 695 F.2d 1103, 1106 (8th Cir.

1982) (adopting position of Restatement (Second) of Judgments). In dismissing Strege's

first amended complaint, the Hawaiian court noted that Strege apparently claimed that the

defendants in that action were

> jointly responsible for: (1) a conspiracy to conceal the murders of
> Representative Bob Nakasone and Congressman Paul Wellstone, . . .; (2) an
> ongoing conspiracy to kill Plaintiff, . . .; (3) various assaults on Plaintiff, . .
> .; (4) a conspiracy to give Group Builders all of the construction work on
> Maui, . . .; (5) a conspiracy to block Plaintiff's "Interstate Commerce,". . .;
> (6) firing him and/or denying him employment due to his religion,
> disability, and/or his knowledge of the various conspiracies named in the
> Amended Complaint, . . .; (7) robbing him of his pension, . . .; (8) the
> Holocaust, . . .; (9) the Afghanistan and Iraq wars, . . .; (10) the
> September 11 attacks, . . .; and (11) the "next Holocaust" that Plaintiff
> asserts will take place in Hawaii.

(No. 09-CV-249, Doc. No. 14 at 3-4.) In granting him leave to amend, the court

expressly conditioned the filing of any second amended complaint on the following

requirements:

> Plaintiff must write *short, plain statements* telling the court: (1) the treaty,
> constitutional right, or statutory right Plaintiff believes was violated; (2) the

---

3       Strege is the sole plaintiff here as well as in the Hawaiian action.

name of the defendant who violated that right; (3) exactly what that defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; (5) what specific injury Plaintiff suffered because of that defendant's conduct; and (6) whether the basis for this court's jurisdiction is either federal question or diversity.

(*Id.* at 7 (emphasis in original).)[4]

In dismissing Strege's second amended complaint for failing to comply with those requirements, the Hawaiian court understood Strege to have alleged that the defendants were jointly responsible for

> (1) a conspiracy to conceal the murders of Representative Bob Nakasone and Congressman Paul Wellstone, . . .; (2) the September 11th terrorist attacks, . . .; (3) embezzlement and/or illegal profiting from the September 11th attacks and/or the Iraq or Afghanistan wars, . . .; (4) a "conspiracy to commit Genocide on the American people" by robbing them of their pensions, retirement funds, and life insurance, . . .; (5) causing Plaintiff's brain injury, . . .; (6) a conspiracy to murder Plaintiff, . . .; (7) firing Plaintiff and/or denying him employment and/or benefits due to his religion, disability, and/or his knowledge of the various conspiracies outlined in the Second Amended Complaint, . . .; (8) a conspiracy to give Group Builders all of the business on Maui, . . .; and (9) the Afghanistan and Iraq wars.

(No. 09-CV-249, Doc. No. 31 at 4-5.)

Here, Strege's Complaint likewise asserts the following "claims": (1) a conspiracy to conceal the murders of Rep. Nakasone and Sen. Wellstone; (2) the Holocaust and other wrongful actions of the Nazis; (3) the September 11, 2001 terrorist attacks; (4) the impending rise of the Fourth Reich; (5) the embezzlement of funds from the wars in Iraq

---

4       The court also imposed additional requirements for any amended pleadings. (*Id.* at 8.)

and Afghanistan; (6) certain violations of law regarding construction in Hawaii;

(7) violations of the Americans with Disabilities Act; (8) various assaults on and

attempted assassinations of Strege; (9) violations of his right to interstate travel; (10)

violations of his rights under the First Amendment; (11) violations of the Due Process and

Equal Protection Clauses; and (12) the theft of Americans' retirement funds.  (Doc.

No. 1.)[5]

Granted, his purported claims are far from clearly drafted.  But the fact "[t]hat a

complaint cannot be read to make sense does not mean that the 'wrong for which redress

is sought' cannot be gleaned." *Micklus v. Greer*, 705 F.2d 314, 316 (8th Cir. 1983).

Accordingly, once a court dismisses with prejudice an action premised on a complaint

that was a "'confused rambling narrative of charges and conclusions,'" the final judgment

of dismissal precludes subsequent actions by the same plaintiff on those claims. *Id.* at

317 & n.3 (holding that conspiracy claims were precluded by earlier actions that were

"dismissed as 'unintelligible' and 'incoherent'").

After a thorough review of the present Complaint, the Court concludes that it

asserts the same "claims" dismissed by the Hawaiian court.  Granted, the sprawling

allegations of the various complaints repeatedly fail to coalesce into discretely framed

claims of cognizable wrongs perpetrated by particular defendants.  Nevertheless, the

---

[5]        Although the Court refers to Strege's grievances as "claims," it is far from
clear that the conduct of which he complains is wrongful, that Plaintiff has been injured
by such conduct so as to have standing, or that such claims are otherwise legally
cognizable.

respective complaints in each action purport to connect the same events in Strege's life in both Minnesota (where he lives and works) and Hawaii (where he also has worked) with the alleged wrongs identified in the complaints–the same wide-ranging web of conspiracy both grand (alleged murders of public officials by banks with Nazi connections) and mundane (improprieties in construction projects in both Hawaii and Minnesota).

Nor is there any genuine issue of whether the relevant parties here are the same as those in Hawaii or in privity with them. As Strege summarized the alleged conspiratorial connections that he discerns, "[i]t is the same People In Minnesota, Hawaii and New York." (No. 09-CV-249, Doc. No. 23 at 29.) For purposes of the present motions, there is no question that the moving Defendants were also some of the alleged wrongdoers in the Hawaiian action. In the Hawaiian action, Plaintiff named, among many others, Deutsche Hypotheken Bank, Landesbank Baden Wuerttemberg, U.S. Bancorp, and U.S. Bank as Defendants. Those parties, plus the Carpenters' Council, are the moving Defendants here.

Although Plaintiff did not formally name the Carpenters' Council as a defendant in the caption of his Hawaiian action, the complaint dismissed by the Hawaiian court repeatedly weaves the Carpenters' Council into Strege's web of allegations. (No. 09-CV-249, Doc. No. 23 ¶¶ 11-13, 33, 48-49.)[6] Despite the variation in the parties

---

[6]     Conversely, Plaintiff formally named Hawaii Carpenters Union as a defendant in the caption of the Hawaiian action (but not here). (*Id.*) Likewise, the Minnesota construction projects are addressed in the Hawaiian complaints. (*E.g.*, *id.* ¶¶
(continued...)

formally named as defendants in the captions of the two actions, the common allegations

of each action are generally directed at the same entities in the various complaints,

including the Carpenters' Council.  The Carpenters Council arguably features more

prominently in the

Hawaiian complaints than it does in the Complaint here.  Construing the complaints

through the lens of substance rather than of form, the Court concludes that Strege's

present claims against the Carpenters' Council were brought, or could have been brought,

in the Hawaiian action and thus are now barred by claim preclusion.  *Poe v. John Deere

Co.*, 695 F.2d 1103, 1105 (8th Cir. 1982) (stating that "[f]inal judgment on the merits

precludes the relitigation of a claim on any grounds raised before or on any grounds

which could have been raised in the prior action.").  On these facts, the District of

Hawaii's judgment of dismissal is entitled to preclusive effect here.

Finally, with respect to the other Defendants here, the Court concludes that on

these particular facts, the Complaint should be dismissed on the merits but without

prejudice.  As the Hawaiian court recognized with respect to the complaint it dismissed

---

[6](...continued)
2-14, 20-24, 42.)  And, conversely, the Hawaiian construction projects are addressed in the Complaint here.  (*E.g.*, Doc. No. 1 ¶¶ 2, 9, 11, 19, 38-42, 47, 60-61, 86-87, 89, 91, 93.)  Within each action, not all of the individuals and entities accused of wrongful conduct in the body of the complaints are listed as Defendants in the captions and some of those identified in the captions play relatively minor (even *de minimus*) roles in the conspiracy alleged in the body of the complaints.  The various complaints lack the usual party-identification sections delineating the individuals and entities alleged to have caused the wrongs of which Plaintiff complains.  Moreover, those individuals and entities formally named in the caption are often imprecisely identified.

without leave to amend, the Complaint here in its present form could not support relief against any of the Defendants. Moreover, as the parallel action in Hawaii has demonstrated, Strege is unable to clarify his pleadings. Thus, no discernible purpose would be served by granting leave to amend. Nevertheless, the dismissal is without prejudice to Strege's presentation in a new action of any intelligible, valid claims, should he be able to salvage any.

**CONCLUSION**

The moving Defendants–which were also either formally named as defendants or otherwise accused of wrongdoing in Strege's parallel Hawaiian action that raised, or could have raised, all of Strege's present claims–are entitled to the benefit of claim preclusion now that the Hawaiian action has proceeded to a final judgment of dismissal without leave to amend. With respect to the remaining Defendants, the numerous, pervasive, and demonstrably-incurable problems with Strege's Complaint warrant dismissal of the rest of the action on the merits (but without prejudice).

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      Defendant North Central States Regional Council of Carpenters' motion to dismiss (Doc. No. 7) is **GRANTED** (based on claim preclusion) and all claims against it are **DISMISSED WITH PREJUDICE**;

2.      Defendant U.S. Bank's motion to dismiss (Doc. No. 15) is **GRANTED** (based on claim preclusion) and all claims against it are **DISMISSED WITH PREJUDICE**;

3.      Defendants Deutsche Hypotheken Bank and Landesbank Baden Wuerttemberg's motion to dismiss (Doc. No. 19) is **GRANTED** (based on claim preclusion) and all claims against them are **DISMISSED WITH PREJUDICE**; and

4.      The rest of this action is **DISMISSED** on the merits (but without prejudice).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  November 6, 2009                    s/Donovan W. Frank
                                            DONOVAN W. FRANK
                                            United States District Judge